UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-01236-JES-JEH |
| | ) |
| TIMOTHY SLOAN, CASSANDRA HALLER, and DAVID M. ERICKSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND OPINION**

This case comes before the Court on Defendant's Motion to Dismiss the Amended Complaint. Doc. 24. Plaintiff has filed a Response. Doc. 26. For the reasons that follow, Defendant's Motion is GRANTED.

**BACKGROUND**

Plaintiff, an Illinois citizen, brought this suit *pro se* against Timothy Sloan (the CEO of Wells Fargo in California), Cassandra Haller (a mortgage broker in Iowa), and David Erickson (an attorney in Iowa). Doc. 5. She brought the case in federal court based on diversity jurisdiction, demanding $51,000,000 in damages. Doc. 5, p. 5. She alleges that Wells Fargo wrongfully foreclosed on her Iowa home when she failed to pay the full amount they claimed was due on her mortgage payment for three months (after she had made the full payments for eight years). According to Plaintiff, Wells Fargo breached the mortgage contract by charging $370 per month more than the established rate without amending the mortgage agreement. Doc. 5, p. 4. Summons were issued to all Defendants. Doc. 6. Defendant Haller filed an answer,

1

generally disclaiming any knowledge or connection with Plaintiff's claim, other than her role in setting up Plaintiff's mortgage loan at Mid-America in 2007. Doc. 9, p. 6. Defendant Erickson filed a Motion to Dismiss based on a lack of personal jurisdiction, since he had no contacts with Illinois and the events underlying the suit took place in Iowa. Doc. 12, p. 2. The Motion to Dismiss was granted as to Defendant Erickson, but did not affect Defendants Haller or Sloan. Doc. 21. Defendant Haller had waived her challenge to personal jurisdiction by failing to include it in her responsive pleading, and Defendant Sloan had not yet been served. *See* Fed. R. Civ. P. 12(b); *Hedeen International, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016) (holding that a personal jurisdiction argument can be raised by a responsive pleading or by a motion before a responsive pleading).

Plaintiff properly served Defendant Sloan on September 26, 2018. Doc. 22. Defendant Sloan timely filed a Motion to Dismiss the Amended Complaint, which raises three arguments: 1. the Court lacks personal jurisdiction over Defendant Sloan; 2. the case should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3); and 3. the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 25, pp. 2, 4–5. The Court finds that it does lack personal jurisdiction over Defendant Sloan, the venue is improper as to all Defendants, and the complaint fails to state a claim upon which relief can be granted as to all Defendants. This Order follows.

DISCUSSION

**1. Lack of Personal Jurisdiction Over Defendant Sloan**

When a motion to dismiss has been raised on the basis of personal jurisdiction, plaintiffs bear the burden of showing a *prima facie* case that defendant is subject to personal jurisdiction. *See Brook v. McCormley*, 873 F.3d 549, 551–52. (7th Cir. 2017); *Purdue Research Foundation v.*

*Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In her Complaint, Plaintiff alleged only that Defendant Sloan resides in California and that the Californian company he works for foreclosed on her home in Iowa. Doc. 5, pp. 2, 4. In her Response, Plaintiff claims that the Court has personal jurisdiction over Defendant Sloan because he is the CEO of a national bank that does business in all fifty states. Doc. 26, pp. 1–2. This is insufficient to show that Defendant Sloan has any contacts with Illinois or that he engaged in any suit-related conduct that created a substantial connection with Illinois. *See Kipp v. Ski Enterprise Corporation of Wisconsin, Inc.*, 783 F.3d 695, 697–98 (7th Cir. 2015). Additionally, to the extent that Plaintiff seeks to apply an Illinois long-arm statute to Defendant Sloan (Doc. 26, p. 2), due to Wells Fargo operations in Illinois, he is protected by the fiduciary shield doctrine. *See Rice v. Nova Biomedical Corporation*, 38 F.3d 909, 912 (7th Cir. 1994) ("This doctrine, recognized by the courts of many states including Illinois … denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal.") (citing *Rollins v. Ellwood*, 565 N.E.2d 1302, 1313–18 (Ill. 1990)). The Motion to Dismiss (Doc. 24) the Amended Complaint with respect to Defendant Sloan is GRANTED, as this Court lacks personal jurisdiction over him.

**2. Failure to State a Claim**

Defendant has also moved to dismiss the Amended Complaint on the grounds that it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant points to an absence of any explanation as to why Defendant Sloan would be liable for Plaintiff's allegations, even if true, rather than Wells Fargo as an entity. Doc. 25, p. 5. Plaintiff contends that United States CEOs accept the risk of liability for any illegal acts of the corporation, and that both Defendant

Sloan and Defendant Haller are responsible for the foreclosure on Plaintiff's house. Doc. 26, p. 3.

To survive a motion for dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face … [and] raise[s] a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 555 (2007). Courts evaluating a motion to dismiss take all well-pleaded allegations in the complaint as true, and draw all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

Here, Plaintiff has alleged in her Complaint that Wells Fargo wrongfully altered the terms of her home mortgage when they purchased it from Mid-America Home Mortgage Services. Doc. 5, p. 5. Wells Fargo then foreclosed on Plaintiff's home when she failed to make three payments at the rate she claims was incorrect. *Id.* In her Complaint, Plaintiff gave no indication whatsoever that the named Defendants were personally liable for the conduct of Wells Fargo, failing even to indicate their involvement in the allegations. Doc. 5. In her Response, Plaintiff argues that Defendant Sloan, as Wells Fargo's CEO, is liable for any Wells Fargo wrongdoing, and that Defendant Haller, as the Mid-America Mortgage broker who drew up the original mortgage agreement, is liable for failing to properly advise her about the mortgage's impact.[1] Doc. 26, p. 2.

Even construing the complaint liberally, Plaintiff has failed to establish a right to relief against the Defendants at hand. As it appears in the complaint, Plaintiff has alleged a breach of contract by Wells Fargo. *See, e.g., Acevedo v. CitiMortgage, Inc.*, 2013 WL 1283807, *5 (N.D.

---

[1] Plaintiff also argues in her Response that "federal banking laws" apply to this case. Doc. 26, p. 1. However, in her Complaint, she mentioned no federal law, and she indicated that diversity of citizenship was the sole basis for jurisdiction over her wrongful foreclosure claim. Doc. 5, pp. 3–4.

Ill. 2013) (construing claim for "wrongful foreclosure" as a claim for "breach of contract," given that Illinois has no cause of action for "wrongful foreclosure"). Rather than bringing this case against Wells Fargo itself, Plaintiff has brought the case against the Mid-American employee who set up the mortgage in 2007 (Defendant Haller) and the CEO of Wells Fargo (Defendant Sloan). Because no party attached any outside documentation regarding Plaintiff's mortgage with either Mid-American or Wells Fargo, the Court cannot determine whether she would have a valid breach of contract claim against Wells Fargo. However, she has not pleaded sufficient facts to plausibly establish any right to relief from Defendants Haller or Sloan, and the Court is certain from the face of the Amended Complaint that any additional amendment would be futile to establish liability as to those Defendants. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[District courts] have broad discretion to deny leave to amend where … the amendment would be futile.") As such, the Motion to Dismiss is GRANTED with respect to all Defendants, and the Amended Complaint is dismissed without leave to amend.

3. **Improper Venue**

Propriety of venue is evaluated according to 28 U.S.C. § 1391(b). That statute states that, unless another rule or statute governs venue in a given case, a civil action may be brought 1. in a judicial district where any defendant resides, 2. in a judicial district where a substantial part of the events underlying the claim took place, or 3. in a judicial district in which any defendant is subject to personal jurisdiction, if there is no district where the suit may otherwise be brought. 28 U.S.C. § 1391(b). Neither party has indicated that a different governing rule or statute should apply to the evaluation of venue in this case.

Plaintiff has not alleged that any Defendant resides in Illinois. Doc. 5. Plaintiff has likewise failed to allege that the wrongfully foreclosed property was located in Illinois—the only

connection she claims Illinois has to the underlying suit is that she personally moved there after losing her Iowa home. *Id.* Given that her choice to move out of state occurred after the allegedly wrongful foreclosure, this is not a "substantial part of the events underlying the claim." 28 U.S.C. § 1391(b). Finally, the Court knows of no reason why Plaintiff's case could not be filed in Iowa (where the events took place, one of the defendants resides, and the property in question is located) or in California (where one of the defendants resides). The availability of another district where the suit may be brought precludes application of the third component of the venue statute.

Given the absence of anything more than a tenuous connection to Illinois, this case is improperly brought in the Central District of Illinois. Moreover, because Plaintiff's Complaint also fails to state a claim, dismissal is appropriate rather than transfer to a different venue. *See* 28 U.S.C. § 1406. Defendant's Motion to Dismiss would therefore be granted on the improper venue ground as to all Defendants, were the complaint not already dismissed for failure to state a claim.[2]

Plaintiff requests a Status Conference "[t]o the extent that the Court has remaining concerns about the Plaintiff's effort to prosecute this matter." Doc. 26, p. 6. Due to the nature of the Motion before the Court (an evaluation of the Complaint, taking all well-pleaded assertions as true and drawing all permissible inferences in favor of the Plaintiff), a hearing is not necessary at this time. Plaintiff's request for a Status Conference is therefore DENIED.

---

[2] If Plaintiff were to bring a suit against Wells Fargo, venue would likely be proper in the Southern District of Iowa, where the property and the foreclosing branch are located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006); *Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1013–14 (S.D. Iowa 2009).

**CONCLUSION**

For the reasons stated herein, Defendant's Motion (Doc. 24) to Dismiss the Amended Complaint is GRANTED. Plaintiff's Amended Complaint (Doc. 5) is DISMISSED as to all Defendants without leave to amend. Because leave to amend would be futile to correct the deficiencies in the Amended Complaint, the case is dismissed without prejudice. Plaintiff may refile against the proper defendants in a proper venue.

This matter is now terminated.


Signed on this 30th day of October, 2018.

                                              /s James E. Shadid
                                              James E. Shadid
                                              Chief United States District Judge